# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### BRUNSWICK DIVISION

| | | |
|---|---|---|
| **Tammy Purvis and Scott George** | ] | |
| **as the surviving natural parents of** | ] | |
| **Neal Sheppard George, deceased &** | ] | |
| **Tammy Purvis as the representative** | ] | |
| **of the estate of Neal Sheppard George,** | ] | |
| **deceased,** | ] | |
| | ] | |
| **Plaintiffs,** | ] | **Civil Action No: CV222-100** |
| | ] | |
| **v.** | ] | **Jury Trial Demanded** |
| | ] | |
| **Conservation Forestry III, LLC;** | ] | |
| **CFC III Forest Holdings, LLC;** | ] | |
| **CFC III, LLC;** | ] | |
| **Conservation Forestry Capital III, L.P.;** | ] | |
| **American Forestry Management, Inc. &** | ] | |
| **American Forestry Management, Inc. (South Carolina),** | ] | |
| | ] | |
| **Defendants.** | ] | |

## PLAINTIFFS' COMPLAINT FOR DAMAGES

COME NOW, the above-referenced Plaintiffs and file this Complaint for Damages against

the above-referenced Defendants and show this honorable Court upon present information

and belief as follows:

1

<u>Parties, Jurisdiction & Venue</u>

1.    Plaintiffs Tammy Purvis and Scott George are the surviving natural parents of Neal

Sheppard George, deceased.  As such, Plaintiffs are the proper parties in interest to

bring the survivors' wrongful death claim against Defendants for the death of their

deceased son, Neal Sheppard George.  Plaintiffs Tammy Purvis and Scott George

personally submit to the jurisdiction of this Court for the purpose of resolving the

above-captioned matter.  At the time of his death, Neal Sheppard George was a

resident of Glynn County, Georgia.  At all times material to the allegations of this

Complaint for Damages, Plaintiff Tammy Purvis was (and is) a resident of Glynn

County, Georgia who personally submits herself to the jurisdiction of this Court for

purposes of pursuing the above-captioned matter and the Court has personal

diversity jurisdiction over said Plaintiff under 28 U.S.C. § 1332.  At all times

material to the allegations of this Complaint for Damages, Plaintiff Scott George

was (and is) a resident of Chatham County, Georgia who personally submits

himself to the jurisdiction of this Court for purposes of pursuing the above-

captioned matter and the Court has personal diversity jurisdiction over said Plaintiff

under 28 U.S.C. § 1332.

2.     Plaintiff Tammy Purvis is the representative of the estate of Neal Sheppard George as appointed by the Probate Court of Glynn County, Georgia.  As such, Tammy Purvis is the proper party in interest to bring the personal injury and wrongful death estate claims against Defendants.  The estate of Neal Sheppard George, sprung into existence in Glynn County, Georgia upon the death of Neal Sheppard George, and its personal representative, Tammy Purvis, personally submits to the jurisdiction of this Court for purposes of pursuing the above-captioned matter.  Accordingly, the Court has personal diversity jurisdiction over said Plaintiff under 28 U.S.C. § 1332.

3.     Defendant **Conservation Forestry III, LLC** is a foreign business entity (with its principal place of business in Delaware) which, at the time Plaintiffs' claims arose, committed a tort in the state of Georgia by and through its employees, agents and representatives while engaged in interstate commerce.  More specifically, Defendant's acts/omissions (to wit, the negligent and reckless maintenance/management of land situated adjacent to a public right-of-way in Glynn County, Georgia) ultimately caused the death of Neal Sheppard George.  As such, said Defendant is a non-resident tortfeasor which, under O.C.G.A. § 9-10-91 (Georgia Long-Arm statute) and 28 U.S.C. § 1332 (diversity of citizenship jurisdiction), is personally subject to the jurisdiction of this Court.

4.     Defendant **CFC III Forest Holdings, LLC** is a foreign business entity (with its principal place of business in Delaware) which, at the time Plaintiffs' claims arose, committed a tort in the state of Georgia by and through its employees, agents and representatives while engaged in interstate commerce.  More specifically, Defendant's acts/omissions (to wit, the negligent and reckless

maintenance/management of land situated adjacent to a public right-of-way in Glynn County, Georgia) ultimately caused the death of Neal Sheppard George.  As such, said Defendant is a non-resident tortfeasor which, under O.C.G.A. § 9-10-91 (Georgia Long-Arm statute) and 28 U.S.C. § 1332 (diversity of citizenship jurisdiction), is personally subject to the jurisdiction of this Court.

5.     Defendant **CFC III, LLC** is a foreign business entity (with its principal place of business in Delaware) which, at the time Plaintiffs' claims arose, committed a tort in the state of Georgia by and through its employees, agents and representatives while engaged in interstate commerce.   More specifically, Defendant's acts/omissions (to wit, the negligent and reckless maintenance/management of land situated adjacent to a public right-of-way in Glynn County, Georgia) ultimately caused the death of Neal Sheppard George.  As such, said Defendant is a non-resident tortfeasor which, under O.C.G.A. § 9-10-91 (Georgia Long-Arm statute) and 28 U.S.C. § 1332 (diversity of citizenship jurisdiction), is personally subject to the jurisdiction of this Court.

6.     Defendant **Conservation Forestry Capital III, L.P.** is a foreign business entity (with its principal place of business in Delaware) which, at the time Plaintiffs' claims arose, committed a tort in the state of Georgia by and through its employees, agents and representatives while engaged in interstate commerce.   More specifically, Defendant's acts/omissions (to wit, the negligent and reckless maintenance/management of land situated adjacent to a public right-of-way in Glynn County, Georgia) ultimately caused the death of Neal Sheppard George.  As such, said Defendant is a non-resident tortfeasor which, under O.C.G.A. § 9-10-91

(Georgia Long-Arm statute) and 28 U.S.C. § 1332 (diversity of citizenship jurisdiction), is personally subject to the jurisdiction of this Court.

7.     Defendant **American Forestry Management, Inc.** is a foreign business entity (with its principal place of business in South Carolina) which, at the time Plaintiffs' claims arose, committed a tort in the state of Georgia by and through its employees, agents and representatives while engaged in interstate commerce.   More specifically, Defendant's acts/omissions (to wit, the negligent and reckless maintenance/management of land situated adjacent to a public right-of-way in Glynn County, Georgia) ultimately caused the death of Neal Sheppard George.  As such, said Defendant is a non-resident tortfeasor which, under O.C.G.A. § 9-10-91 (Georgia Long-Arm statute) and 28 U.S.C. § 1332 (diversity of citizenship jurisdiction), is personally subject to the jurisdiction of this Court.

8.     Defendant **American Forestry Management, Inc. (South Carolina)** is a foreign business entity (with its principal place of business in South Carolina) which, at the time Plaintiffs' claims arose, committed a tort in the state of Georgia by and through its employees, agents and representatives while engaged in interstate commerce. More specifically, Defendant's acts/omissions (to wit, the negligent and reckless maintenance/management of land situated adjacent to a public right-of-way in Glynn County, Georgia) ultimately caused the death of Neal Sheppard George.  As such, said Defendant is a non-resident tortfeasor which, under O.C.G.A. § 9-10-91 (Georgia Long-Arm statute) and 28 U.S.C. § 1332 (diversity of citizenship jurisdiction), is personally subject to the jurisdiction of this Court.

9.      This action sounds in tort related to the personal injury/wrongful death and damages sustained by the respective Plaintiffs and the obligations imposed upon the respective Defendants.  The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, therefore this Court has original jurisdiction over the action's subject matter.

10.     Venue is properly laid in the Southern District Court of Georgia, Brunswick Division under Local Rule 2.1 as to the non-resident Defendants because a substantial part of the events and omissions complained of occurred in the Brunswick Division containing the city/county (Brunswick/Glynn) in which the claims arose.  Further, (1) decedent Neal Sheppard George was a resident of Glynn County, Georgia at the time of his death, (2) Neal Sheppard George's estate sprung into existence in Glynn County, Georgia at the time of his death and has been established in the Glynn County, Georgia Probate Court, (3) Neal Sheppard George's surviving mother is a resident of Glynn County, Georgia and (4) the real estate involved in the death of Neal Sheppard George is located in Glynn County, Georgia.

<u>Facts giving rise to Plaintiffs' Complaint for Damages</u>

11.   Three Steps Forest, LLC is a company which owns over 2,500 acres of tree-covered land in Glynn County, Georgia.

12.   Much of Three Steps Forest, LLC's tree-covered land in Glynn County, Georgia is adjacent to the county's public roadways utilized by the motoring public.

13.   Three Steps Forest, LLC is in the business of locating, assessing and purchasing tree-covered land and then making money from the purchase of the land.

14.   In this regard, Three Steps Forest, LLC is an expert in the acquisition and inspection, occupation, utilization, management and/or maintenance of its tree-covered land investments.

15.   In conjunction the ownership, acquisition, inspection, occupation, utilization, management or maintenance of its tree-covered land investments, Three Steps Forest, LLC has various business affiliations which have an interest in and an effect on its operations.

16.   Defendant Conservation Forestry III, LLC (an entity formed in Delaware) is Three Steps Forest, LLC's manager.

17.   Defendant CFC III Forest Holdings, LLC (an entity formed in Delaware) is Three Steps Forest, LLC's sole owner.

18.   Defendant CFC III, LLC (an entity formed in Delaware) is CFC III Forest Holdings, LLC's sole owner.

19.   Defendant Conservation Forestry Capital III, L.P. is CFC III, LLC's sole owner.

20.     A large parcel of Three Steps Forest, LLC's valuable tree-covered land in Glynn County, Georgia is adjacent to Old Jesup Road, a public roadway located in and owned by Glynn County, Georgia.

21.     Defendants American Forestry Management, Inc. and/or American Forestry Management, Inc. (South Carolina) are the entities hired by Three Steps Forest, LLC (and/or its business affiliates – i.e., the other Defendants named herein) to inspect and manage this land (particularly with regard to its trees) in Glynn County, Georgia.

22.     Prior and up to October 12, 2020, Three Steps Forest, LLC (and its affiliated entities) - directly and by and through its employees/agents (to include Defendants American Forestry Management, Inc. and/or American Forestry Management, Inc. (South Carolina) - had a duty to safely maintain the land adjacent to Old Jesup Road in Glynn County, Georgia (near its intersection with Burnt Island Road).  This included abating any nuisance the trees on Three Steps Forest, LLC's land presented to the motoring public on the public right-of-way.

23.    Prior and up to October 12, 2020, two (2) of Three Steps Forest, LLC's large trees were perilously permitted to exist upon the land beside and the space above the public roadway and the shoulder of the roadway on Old Jesup Road in Glynn County, Georgia (near its intersection with Burnt Island Road) in a manner which constituted a nuisance which recklessly threatened the safety of the motoring public on said public right-of-way.[1]

24.    On or about October 12, 2020 at or about 1:55 a.m., Neal Sheppard George was driving his Chevrolet truck northbound on Old Jesup Road (near its intersection with Burnt Island Road) in Glynn County, Georgia when two (2) of Three Steps Forest, LLC's trees fell on his motor vehicle and fatally injured him.[2]

25.    In addition to the two (2) large trees which killed Neal Sheppard George, many trees up and down Three Steps Forest, LLC's tree-covered land routinely (before and since Mr. George's death) lean over, fall into and then obstruct the roadways in Glynn County, Georgia requiring removal by private citizens and/or the Glynn County Public Works Department.

---

[1] For several months prior to the death of Neal Sheppard George, Defendants Conservation Forestry III, LLC, CFC III Forest Holdings, LLC, CFC III, LLC and Conservation Forestry Capital III, L.P. by and through Three Steps Forest, LLC and its employees/agents (to include Defendants American Forestry Management, Inc. and/or American Forestry Management, Inc. (South Carolina)) - had at least constructive (if not actual) knowledge of the impending danger posed by the precariously leaning trees, rooted in wet and unfirm swampy ground.  See, the Affidavit of Jonathan Albert Medlock, attached hereto as, "Exhibit 1".

[2] See, pictures of the decedent's vehicle under Defendants' trees attached hereto as, "Exhibit 2".  This condition, caused by the careless, reckless conduct of the Defendants, constituted a nuisance under Georgia law (codified at O.C.G.A. § 41-1-1, et. seq.) as well as negligence *per se* (as proscribed by O.C.G.A. §§ 32-6-1 and 32-6-51) when the trees fell on the public right-of-way upon which Neal Sheppard George, like all Glynn County motorists, was entitled to travel without obstruction.

<u>Causes of Action</u>

<u>Count #1</u>
<u>Defendants Conservation Forestry III, LLC's, CFC III Forest Holdings, LLC's,</u>
<u>CFC III, LLC's and Conservation Forestry Capital III, L.P.'s</u>
<u>Liability for Neal Sheppard George's Personal Injury and Wrongful Death</u>

26.    As the owners of and controlling entities of Three Steps Forest, LLC, Defendants

Conservation Forestry III, LLC, CFC III Forest Holdings, LLC, CFC III, LLC and

Conservation Forestry Capital III, L.P. are responsible and liable for Neal Sheppard

George's wrongful death (and the personal injury he endured immediately prior to

his death) on the bases said Defendants, by and through Three Steps Forest, LLC

and its employees/agents (to include Defendants American Forestry Management,

Inc. and/or American Forestry Management, Inc. (South Carolina)):

➢ carelessly, recklessly and routinely fail to monitor and maintain the property
adjacent to the public right-of-way such that dangerous conditions (to wit,
leaning and foreseeably falling trees and fallen trees) are permitted to exist and
imperil the motoring public in Glynn County, Georgia (to include decedent,
Neal Sheppard George);

➢ carelessly, recklessly and routinely fail to abate the nuisance maintained (to wit,
leaning and foreseeably falling trees and fallen trees) which imperils the
motoring public in Glynn County, Georgia (to include decedent, Neal Sheppard
George);

➢ carelessly, recklessly and routinely fail to warn the public of the dangerous
conditions permitted to exist upon the property adjacent to the public right-of-
way (to wit, leaning and foreseeably falling trees and fallen trees) which imperil

the motoring public in Glynn County, Georgia (to include decedent, Neal Sheppard George); and

➢ were negligent *per se* in that Defendants' trees unlawfully obstructed the public roadway and presented a hazard to the traveling public (to include decedent, Neal Sheppard George) in direct violation of O.C.G.A. §§ 32-6-1 and 32-6-51.

<u>Count #2</u>
<u>Defendants American Forestry Management, Inc.'s &</u>
<u>American Forestry Management, Inc. (South Carolina)'s</u>
<u>Liability for Neal Sheppard George's Personal Injury and Wrongful Death</u>

27.    As the service providers contractually tasked with the responsibility to inspect,

manage and maintain the land of Three Steps Forest, LLC (and its affiliated entities,

Defendants Conservation Forestry III, LLC, CFC III Forest Holdings, LLC, CFC

III, LLC and Conservation Forestry Capital III, L.P.) Defendants American

Forestry Management, Inc. and/or American Forestry Management, Inc. (South

Carolina) are responsible and liable for Neal Sheppard George's wrongful death

(and the personal injury he endured immediately prior to his death) on the bases

said Defendants, by and through their employees/agents:

➢ carelessly, recklessly and routinely fail to monitor and maintain the property

adjacent to the public right-of-way such that dangerous conditions (to wit,

leaning and foreseeably falling trees and fallen trees) are permitted to exist and

imperil the motoring public in Glynn County, Georgia (to include decedent,

Neal Sheppard George);

➢ carelessly, recklessly and routinely fail to abate the nuisance maintained (to wit,

leaning and foreseeably falling trees and fallen trees) which imperils the

motoring public in Glynn County, Georgia (to include decedent, Neal Sheppard

George);

➢ carelessly, recklessly and routinely fail to warn the public of the dangerous

conditions permitted to exist upon the property adjacent to the public right-of-

way (to wit, leaning and foreseeably falling trees and fallen trees) which imperil

the motoring public in Glynn County, Georgia (to include decedent, Neal Sheppard George); and

➤ were negligent *per se* in that said Defendants had a duty to inspect and manage the trees which unlawfully obstructed the public roadway and presented a hazard to the traveling public (to include decedent, Neal Sheppard George) in direct violation of O.C.G.A. §§ 32-6-1 and 32-6-51.

<u>Damages</u>

28.    As a direct and proximate consequence of the acts and omissions of the Defendants, Neal Sheppard George's life was prematurely and wrongfully ended.  As a result, Plaintiffs have suffered substantial special and general damages for which the Defendants are liable.

29.    As the surviving natural parents of their late son, Plaintiffs Tammy Purvis and Scott George are entitled to recover an amount from the Defendants (as determined by the enlightened conscience of the jury hearing this case) that represents the full value of Neal Sheppard George's life had it not been ended prematurely and wrongfully.

30.    As the representative of the estate of Neal Sheppard George, deceased, Plaintiff Tammy Purvis is entitled to recover an amount from the Defendants that represents, among other things, the estate's costs for Neal Sheppard George's funeral and burial expenses (in an amount not less than $6,621.63) and substantial pre-death conscious pain and suffering as determined by the enlightened conscience of the jury hearing this case.

31.   Under O.C.G.A. § 51-12-5.1, Plaintiff Tammy Purvis (as the representative of the estate of Neal Sheppard George) is entitled to recover punitive damages from Defendants in an amount to be determined by the enlightened conscience of the jury hearing this case on the bases the clear and convincing evidence in this matter reveals that Defendants' conduct resulting in Plaintiffs' injuries and damages showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of conscious indifference to consequences (to wit, immense terror and pain and suffering) suffered by Neal Sheppard George immediately prior to the time of his death.

32.   Plaintiffs are entitled to recover all reasonable attorney fees and litigation costs incurred in this matter pursuant to O.C.G.A. §§ 9-15-14 and 13-6-11 on the bases Defendants have acted in bad faith, been stubbornly litigious and/or caused Plaintiffs unnecessary trouble and expense in forcing Plaintiffs to litigate in an effort to recover all damages due.

WHEREFORE, Plaintiffs pray:

➢ that this Complaint for Damages be filed and served according to law;

➢ that Plaintiffs recover all special, general and punitive damages allowed by law in an amount in excess of $10,000 as will be proven upon the trial of this action;

➢ that Plaintiffs recover all reasonable attorney fees, court costs and litigation expenses incurred in this matter pursuant to O.C.G.A. §§ 9-15-14 and 13-6-11;

➢ that this matter be tried by a jury of twelve (12) fair and impartial jurors; and

➢ such other and further relief as this honorable Court deems just and proper.

Respectfully submitted this 3rd day of October, 2022.

/s/ J. Dow III
John Albert Dow III
Georgia State Bar No: 227709
Attorney for Plaintiffs

**The Dow Firm, P.C.**
1901 Union Street
Brunswick, GA  31520
(912) 264-1919
jdow3@thedowfirm.com